JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>              Plaintiffs,<br><br>          v.<br><br>KENNY LI, an Individual; BAY SPEED AEROKIT, LLC, a New York Limited Liability Company d/b/a INNOVATIVE PERFORMANCE WHEEL; ZHE XING, an Individual; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.:  2:14-cv-08437<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)];**<br>(2) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];**<br>(3) **TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>(4) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200];**<br>(5) **UNFAIR COMPETITION (California Common Law); and**<br>(6) **FEDERAL DESIGN PATENT INFRINGEMENT [35 U.S.C. §271].**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG")(collectively "Plaintiffs"), to hereby file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1-10, inclusive (collectively "Defendants").

**PARTIES**

1.    Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware limited liability company having its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation.  BMW (US) Holding Corporation is a wholly owned subsidiary of BMW AG.

2.    Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and at all intervening times, a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

3.    Plaintiffs are informed and believe that Defendant KENNY LI, is now, and was at the time of the filing of this Complaint, and at all intervening times, an individual residing and doing business from Staten Island, New York.

4.    Plaintiffs are informed and believe that Defendant BAY SPEED AEROKIT, LLC, is now, and was at the time of the filing of this Complaint, and at all intervening times, a New York limited liability company doing business as INNOVATIVE PERFORMANCE WHEEL with an address of 135 11th Street, Brooklyn, New York 11215.

5.    Plaintiffs are informed and believe that Defendant ZHE XING, is now, and was at the time of the filing of this Complaint, and at all intervening times, an individual residing and doing business from Brooklyn, New York.

**COMPLAINT FOR DAMAGES**

6.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

7.   Plaintiffs further allege that Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

8.   Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION/VENUE

9.   This Court has jurisdiction over the subject matter of the First, Second, Third, and Sixth Causes of Action (violation of the Lanham Act and Patent law) pursuant to 15 U.S.C. §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

10.   This Court has personal jurisdiction over Defendants as Defendants conduct business within this jurisdiction and have committed the tortious activities of trademark and patent infringement and unfair competition in this district. Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell, sold, and distributed products that infringe the trademarks and patents of Plaintiffs to consumers within this judicial district for

- 3 -
**COMPLAINT FOR DAMAGES**

Defendants' own commercial gain and have exploited California's extensive marketplace, wherein Plaintiffs maintain substantial business contacts and financial interests. Defendants have also offered to sell and actually sold counterfeit products (described more fully below) using interactive internet websites knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiffs or their authorized manufacturers.

11. Additionally, supplemental jurisdiction exists over Defendants because, on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

12. Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiffs in this district. The counterfeit BMW®-branded products were purchased in California and Defendants purposefully shipped the counterfeit products within California. Moreover, the counterfeit BMW®-branded products were paid with funds from a financial institution in California, and the transactions were processed through PayPal, Inc., located in California. Defendants' actions within this district directly interfere with and damage Plaintiffs' commercial business and harms Plaintiffs' goodwill within this Venue.

## GENERAL ALLEGATIONS

### Plaintiffs and their Well-Known BMW® Brand and Products

13. Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicles, wheels, parts, seat belt buckle clips, floor mats, anti-

1  slip mats, mileage readers, DVD compact disc players, watches, clothing, MP3

2  players, PC port hubs, lighters, ash trays, USB flash memory drives, key-chains,

3  pocket wallets, phone cases, car stickers and badges, car key cases, car key bags,

4  driving license cases, brake pedal covers, storage basins, and a variety of other

5  products under various trademarks, including but not limited to the BMW® marks.

6  Plaintiffs' BMW®-branded products and marks have achieved great success since

7  their introduction at least as of 1955 and 1987, respectively.

8      14.   Plaintiffs' motor vehicles and related products have earned a

9  reputation for innovation, quality and performance.  Plaintiffs have spent

10  substantial time, money and effort in developing consumer recognition and

11  awareness of their BMW® marks and products.  Plaintiffs have spent an enormous

12  amount of money on print and Internet advertising in order to inform consumers of

13  the benefits of Plaintiffs' products and services.

14      15.   Through the extensive use of Plaintiffs' marks, Plaintiffs have built up

15  and developed significant goodwill in their entire product line.  A wide array of

16  newspapers, magazines and television networks have included advertising of

17  Plaintiffs' products, which are immediately identified by Plaintiffs' BMW® marks.

18      16.   As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the

19  high degree of promotion and the quality and popularity of the BMW® motor

20  vehicles, the BMW® marks have been prominently placed in the minds of the

21  public.  Consumers, purchasers and the members of the public have become

22  familiar with Plaintiffs' intellectual property and products, and have come to

23  recognize the BMW® marks and products and associate them exclusively with

24  Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the

25  public as a result of such association.  Indeed, the BMW® marks are famous in the

26  United States and around the world.

27  / / /

28  / / /

**COMPLAINT FOR DAMAGES**

## Plaintiffs' Trademarks

17.     While Plaintiffs have gained significant common law trademark and other rights in their BMW® products and services through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registrations for the following non-exhaustive list of Plaintiff's registered trademarks:

i.     **BMW**: Unites States Patent and Trademark Office ("USPTO") Reg. No.: 0,611,710, registered September 6, 1955;



ii.     USPTO Reg. No.: 0,613,465, registered October 4, 1955;

iii.     USPTO Reg. No.: 1,450,212, registered August 4, 1987;



iv.     USPTO Reg. No.: 4,293,991, registered February 26, 2013;



- 6 -
**COMPLAINT FOR DAMAGES**

v.    **M3**:  USPTO Reg. No. 2,535,373, registered February 5, 2002;

M3

vi.    **M5**:  USPTO Reg. No. 2,381,292, registered August 29, 2000;

**M5**

vii.    **M**: USPTO Reg. No.: 1,438,545, registered August 5, 1987;



viii.    USPTO Reg. No.: 3,526,899, registered November 4, 2008;



ix.    USPTO Reg. No.: 3,767,662, registered March 30, 2010; and



x.    USPTO Reg. No.: 3,767,663, registered March 30, 2010 (collectively "BMW® Trademarks").

**COMPLAINT FOR DAMAGES**

1  18. Plaintiffs have never authorized or consented to Defendants' use of

2 the BMW® Trademarks, or any confusingly similar marks by Defendants. Also,

3 Plaintiffs have never authorized Defendants to copy, manufacture, import, market,

4 sell, or distribute any BMW® products.

5       **Plaintiffs' Design Patents**

6  19. Plaintiffs, as one of the foremost designers and manufacturers of

7 automobiles and automobile related products, are one of the largest producers of

8 automobile wheels in the world.

9  20. Accordingly, Plaintiffs own various valid and lawfully issues United

10 States Design Patents, including but not limited to wheel design patent nos.:

11 D504,382; D515,491; D551,149; D560,585; D617,712; D621,771; D625,235;

12 D635,078; D643,794; D666,953; and D671,473 ("BMW® Design Patents").

13    **Defendants' Wrongful and Infringing Conduct**

14  21. Particularly in light of the success of Plaintiffs and Plaintiffs' products

15 as well as the reputation they have gained, Plaintiffs and their products have

16 become targets for unscrupulous individuals and entities who wish to take a "free

17 ride" on its goodwill, reputation and fame.  Plaintiffs have spent considerable

18 effort and resources to build up its products and marks.

19  22. A large number of these individuals and entities deal in pirated and

20 counterfeit BMW®-branded products. Their actions vary and include

21 manufacturing, copying, exporting, importing, advertising, promoting, offering for

22 sale, selling, and distributing counterfeit and otherwise unauthorized products.

23  23. Plaintiffs are informed and believe that Defendants KENNY LI, BAY

24 SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE

25 XING, and DOES 1-10, inclusive, have manufactured, purchased, imported,

26 acquired and/or otherwise deal in counterfeit automobile wheel rims that infringe

27 upon the BMW® Design Patents.

28 / / /

**COMPLAINT FOR DAMAGES**

24.     Defendants use, among other websites, the Internet auction website www.eBay.com, owned by eBay, Inc., to offer for sale, sell and distribute products, including counterfeit automobile wheel rims and emblems comprised of the BMW® Design Patents and/or bearing the BMW® Trademarks, described above, to consumers.

25.     Many of the online commercial transactions accomplished by sellers such as Defendants are accomplished through the PayPal payment service provided by PayPal, Inc., a corporate affiliate of eBay, Inc. Using PayPal, purchasers of products can transfer funds to sellers, electronically and online, from any PayPal account to any other PayPal account.

26.     Both eBay, Inc. and PayPal, Inc. are headquartered in California.  In order for sellers, including Defendants, to make use of eBay and its PayPal services, users must agree to terms and conditions set forth in eBay and PayPal's User Agreements, as well as pay various fees associated with any listing or transaction accomplished through eBay and PayPal's services.

27.     Defendant own and operate their own interactive and commerce enabled webpage on eBay.com under, among others, the name "autodeals." Through this webpage, among others, Defendants regularly and systematically advertised, marketed, distributed and sold counterfeit automobile wheel rims comprised of the BMW® Design Patents and bearing the BMW® Trademarks.

28.     Defendants also own and operate their own interactive and commerce enabled websites at www.bayspeedaerokit.com and ipw.bayspeedaerokit.com. Through these websites, Defendants regularly and systematically advertised, marketed, distributed and sold counterfeit wheel rims and emblems comprised of the BMW® Design Patents and bearing the BMW® Trademarks.

29.     On March 14, 2014, in its ongoing investigation of counterfeit sales of BMW® products to the State of California, Plaintiffs' investigator purchased a set of four wheels listed for sale on eBay by seller "autodeals" as "18"   Rims

Gunmetal Machine M5 F10 Style Wheels Fits BMW 5 Series F10 528i 535i" from Defendants for a cost of $558.98.

30.     The automobile wheels rims and accompanying emblems purchased from Defendants were received within the State of California and inspected to determine authenticity. The inspection of the purchased items confirmed that the items Defendants sold were in fact counterfeit BMW® products infringing upon the BMW® Trademarks and BMW® Design Patents.

31.     Through such business activities, Defendants purposely derived benefit from their interstate commerce by expressly targeting foreseeable purchasers in the State of California. But for Defendants' advertising, soliciting and selling of counterfeit BMW® products, Plaintiffs would not have been able to make purchases of the subject products.

32.     By these sales and, on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights in its trademarked and patented automobile parts, wheels, emblems, and related goods and services, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiffs' trademarks and patented products to confuse consumers and aid in the promotion and sales of its unauthorized goods. Defendants' conduct and use began long after Plaintiffs' adoption and use of its BMW® Trademarks and BMW® Design Patents, after Plaintiffs obtained the trademark and patent registrations alleged above, and after Plaintiffs' marks became famous.  Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute Plaintiffs' marks and products. Defendants also had knowledge of Plaintiffs' ownership of the designs and reproduced them in bad faith and in violation of Plaintiffs' patent rights. Neither Plaintiffs nor any authorized agents have consented to Defendants' use of Plaintiffs' BMW® Trademarks or BMW®

**COMPLAINT FOR DAMAGES**

Design Patents in the manner complained of herein.

33.   Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

34.   In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, diluted Plaintiffs' rights in the BMW® Trademarks and BMW® Design Patents; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; (vii) infringed upon Plaintiffs patented designs; and (viii) unfairly profited from such activity.   Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

35.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

36.   Plaintiffs have continuously used their BMW® Trademarks in interstate commerce.

37.   Plaintiffs, as the owners of all right, title and interest in and to the BMW® Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. §1114.

38.   Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW® Trademarks.

39.   Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW® Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

40.   Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit BMW® products bearing the BMW® Trademarks.

41.   Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered BMW® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.   Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit BMW® products bearing the BMW® Trademarks.

42.   Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

43.   Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

44.   Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiffs request injunctive relief.

45.   Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1 through 10, Inclusive) [15 U.S.C. §1125(a)/Lanham Act §43(a)]**

46.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

47.   Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125).  Plaintiffs' asserted marks are fanciful, inherently distinctive, and/or have otherwise acquired distinctiveness.

/ / /

48.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

49.     Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

50.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

51.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

52.     Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

53.     Defendants' continuing and knowing use of Plaintiffs' asserted marks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

**COMPLAINT FOR DAMAGES**

54. Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its BMW® products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

55. Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## **THIRD CAUSE OF ACTION**

### **(Trademark Dilution Against Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1 through 10, Inclusive)**

### **[15 U.S.C. §1125(c)]**

56. Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

57. Plaintiffs' asserted marks are distinctive and famous within the meaning of the Lanham Act.

58. Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' asserted marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks. Defendants' conduct is willful, wanton and egregious.

59.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiffs' asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

60.     Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

61.     As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1 through 10, Inclusive)**

**[*California Business & Professions Code* §17200 *et seq.*]**

62.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

63.     By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in

**COMPLAINT FOR DAMAGES**

violation of the *California Business and Professions Code* §17200 *et seq.*

64.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

65.    Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

66.    By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

67.    Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

68.    Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of

the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

69.     Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

70.     Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

## FIFTH CAUSE OF ACTION

**(Unfair Competition Against Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1 through 10, Inclusive)**

**[California Common Law]**

71.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

72.     By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of California.

73.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

74.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

75.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks, copyrights and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

76.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

77.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition, all of which Plaintiffs invested substantial time and effort to create and protect.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek an order granting Defendants' profits stemming from their infringing activity, and their actual and/or compensatory damages.

78.     Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek preliminary and permanent injunctive relief.

**COMPLAINT FOR DAMAGES**

79.     Plaintiffs seek exemplary or punitive damages for Defendants' intentional misconduct.

## SIXTH CAUSE OF ACTION

**(Federal Design Patent Infringement Against Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1 through 10, Inclusive)**

**[35 U.S.C. §271]**

80.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

81.     Plaintiffs are the owners of the BMW® Design Patents with the USPTO registration nos.: D504,382; D515,491; D551,149; D560,585; D617,712; D621,771; D625,235; D635,078; D643,794; D666,953; and D671,473.

82.     Upon information and belief, Defendants have infringed and continue to infringe the BMW® Design Patents by using, selling and/or offering to sell, in the United States and/or importing into the United States, wheels which embody the designed covered by Plaintiffs' patents. Upon information and belief, Defendants infringing products include all of the ornamental designs of the BMW® Design Patents. By their conduct, Defendants have violated 35 U.S.C. §271 by direct infringement of Plaintiffs BMW® Design Patents and by inducing others to infringe the BMW® Design Patents.

83.     Plaintiffs are informed and believe, and on that basis allege, that Defendants have gained profits by virtue of their infringement of the BMW® Design Patents.

84.     As a direct and legal result of Defendants' wrongful conduct, Plaintiffs have been and will be irreparably and permanently harmed; wherefore Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from

**COMPLAINT FOR DAMAGES**

further engaging in the infringement of the BMW® Design Patents.

85.     Defendants infringement of the BMW® Design Patents is and has been willful. Accordingly, Plaintiffs are entitled to its monetary damages, in an amount to be proven at trial, an award of treble damages, and their reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC., and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendants KENNY LI, BAY SPEED AEROKIT, LLC d/b/a INNOVATIVE PERFORMANCE WHEEL, ZHE XING, and DOES 1 through 10, inclusive, and each of them, as follows:

1. An order and judgment preliminary and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of Plaintiffs' asserted BMW® Design Patents.

2. For an award of Plaintiffs damages and Defendants profits adequate to compensate Plaintiffs for Defendants' infringement of the BMW® Design Patents, and in no event less than a reasonable royalty for Defendants acts of infringement, including all pre-judgment and post-judgment interest as the maximum rate permitted by law;

3. For an award of all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. §284, together with prejudgment interest.

4. For an award of all profits, pursuant to 35 U.S.C. §289 together with prejudgment interest.

5. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C.

**COMPLAINT FOR DAMAGES**

§1114(a);

6. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

7. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. §1117(c).

8. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

9. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

10. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

11. For damages to be proven at trial for common law unfair competition;

12. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

13. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal

transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

14. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

15. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

16. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

17. For damages in an amount to be proven at trial for unjust enrichment;

18. For an award of exemplary or punitive damages in an amount to be determined by the Court;

19. For Plaintiff's reasonable attorney's fees;

20. For all costs of suit; and

21. For such other and further relief as the Court may deem just and equitable.

DATED: October 30, 2014   JOHNSON & PHAM, LLP

        By: _/s/Christopher D. Johnson_____
        Christopher D. Johnson, Esq.
        Christopher Q. Pham, Esq.
        Marcus F. Chaney, Esq.
        Hung Q. Pham, Esq.
        Attorneys for Plaintiffs
        BMW OF NORTH AMERICA, LLC and
        BAYERISCHE MOTOREN WERKE AG

**COMPLAINT FOR DAMAGES**

# DEMAND FOR JURY TRIAL

Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.


DATED:  October 30, 2014        JOHNSON & PHAM, LLP

                               By: _/s/Christopher D. Johnson_____
                               Christopher D. Johnson, Esq.
                               Christopher Q. Pham, Esq.
                               Marcus F. Chaney, Esq.
                               Hung Q. Pham, Esq.
                               Attorneys for Plaintiffs
                               BMW OF NORTH AMERICA, LLC and
                               BAYERISCHE MOTOREN WERKE AG

COMPLAINT FOR DAMAGES